# IN THE COURT OF APPEALS OF IOWA

No. 23-1886
Filed April 24, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JUSTICE LEE HILL,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Michael Motto, Judge.


A defendant challenges his convictions for animal abuse after pleading guilty. **APPEAL DISMISSED.**


Audra F. Saunders, West Des Moines, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


Considered by Ahlers, P.J., and Chicchelly and Buller, JJ.

**CHICCHELLY, Judge.**

Justice Lee Hill pled guilty to two counts of animal abuse causing serious injury or death. The district court accepted his plea and dismissed the remaining counts. Hill appeals.

Hill contends that good cause exists for him to appeal because the statutory restrictions placed on appeals are unconstitutional. He then challenges the factual basis for the guilty plea and the court's finding of good cause to extend the speedy-trial deadline. Because we lack jurisdiction to hear this case, we must dismiss.

In 2019, the Iowa legislature amended the Iowa Code to limit a defendant's ability to appeal as a matter of right. *See* 2019 Iowa Acts ch. 140, § 28 (codified at Iowa Code § 814.6(1)(a)(3) (2019) (eliminating the ability to appeal as a matter of right following a guilty plea unless the defendant pled guilty to a class "A" felony or established good cause to appeal)). Hill argues this amendment violates his rights to due process and equal protection and the separation-of-powers doctrine under the Constitutions of the State of Iowa and the United States. But the Iowa Supreme Court has already addressed such challenges and determined the amendment is constitutional. *See State v. Tucker*, 959 N.W.2d 140, 146 (Iowa 2021) (concluding section 814.6 does not violate due-process or equal-protection rights); *see also State v. Treptow*, 960 N.W.2d 98, 104 (Iowa 2021) (finding the provisions "do not violate the separation-of-powers doctrine" and similarly are "within the legislative department's prerogative and not in derogation of the judicial power" (quoting *Tucker*, 959 N.W.2d at 152–53)). "We

are not at liberty to overturn" Iowa Supreme Court precedent. *See Johnson v. State*, No. 15-1461, 2016 WL 3281044, at \*1 (Iowa Ct. App. June 15, 2016).

Good cause "means a 'legally sufficient reason.'" *Treptow*, 960 N.W.2d at 109 (citation omitted). "What constitutes a legally sufficient reason is context specific." *Id.* "[A] legally sufficient reason is a reason that would allow a court to provide some relief." *Id.* Here, Hill contends that his guilty plea is not supported by a factual basis. When Hill pled guilty, he waived his right to file a motion in arrest of judgment and he never filed such motion. As Hill never filed a motion in arrest of judgment attacking the factual basis of his plea, we cannot provide relief.[1] *See id.* Accordingly, there is no legally sufficient reason to permit Hill's appeal, and Hill has failed to establish good cause to appeal. *See id.*

Finally, his argument that the court should not have extended the speedy-trial deadline is similarly waived for lack of good cause because we cannot provide relief. *See id.* (noting "good cause" means a "legally sufficient reason" which means "a reason that would allow a court to provide some relief"); *State v. Goddard*, No. 18-0513, 2019 WL 476508, at \*1 (Iowa Ct. App. Feb. 6, 2019) (finding pleading guilty waives a speedy-trial challenge on appeal); *State v. Hanes*,

---

[1] The requirement to file a motion in arrest of judgment is waived when the defendant is not adequately informed of the consequences of failing to file such motion. *Treptow*, 960 N.W.2d at 109. As Hill was adequately informed of the consequences of filing a motion in arrest of judgment in paragraph ten of his guilty plea, this exception does not apply here.

Previously, a defendant could avoid the requirement to file a motion in arrest of judgment when the failure to do so was the result of ineffective assistance of counsel. However, Iowa Code section 814.7 (2023) prevents us from considering ineffective-assistance claims on direct appeal. As our supreme court has held section 814.7 does not violate the constitution as Hill suggests, the ineffective-assistance exception to the motion-in-arrest-of-judgment requirement "no longer provides an avenue for relief on direct appeal." *Id.*

981 N.W.2d 454, 461 (Iowa 2022) ("A guilty plea waives all defenses and challenges not intrinsic to the voluntariness of the plea" (quoting *Tucker*, 959 N.W.2d at 146)).

In an attempt to save his appeal, Hill asks us to grant discretionary review instead of hearing this case as an appeal as a matter of right. The only ground for discretionary review Hill cites is Iowa Code section 814.6(2)(e), which permits us to grant discretionary review when the appeal raises "a question of law important to the judiciary and the profession." In its brief, the State responds that granting review of unpreserved claims under this section would "contravene the clear intent" of the 2019 legislative amendments, which require a timely motion in arrest of judgment before discretionary review is granted. *See* Iowa Code § 814.6(2)(f). We therefore exercise our discretion to deny the application for discretionary review. *See, e.g.*, *State v. Walker*, No. 23-0021, 2023 WL 7391802, at *2 (Iowa Ct. App. Dec. 20, 2023); *State v. Richardson*, No. 22-2041, 2023 WL 7391802, at *1 (Iowa Ct. App. Nov. 8, 2023).

Because no good cause exists to hear Hill's appeal and we decline to grant discretionary review, we lack jurisdiction and must dismiss.

**APPEAL DISMISSED.**